IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POOJA MUNDRATI,

Plaintiff,

vs

UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM,

Defendant.

Civil Action No. 2:23-1860

Magistrate Judge Patricia L. Dodge

**MEMORANDUM OPINION**

Plaintiff Pooja Mundrati brought this action against Defendant Unum Life Insurance Company of America d/b/a Unum, asserting a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1100-1145 ("ERISA"). Her claim arose from Defendant's decision to deny her claim for long-term disability ("LTD") benefits.

On March 24, 2025, the Court issued a Memorandum Opinion (ECF No. 49) and two orders (ECF Nos. 50, 51) granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. Judgment was entered in Plaintiff's favor. On April 21, 2025, Defendant filed a notice of appeal (ECF No. 56).

On April 7, 2025, Plaintiff filed a motion for attorney's fees (ECF No. 53). In response, Defendant filed a motion to stay resolution of Plaintiff's motion until its appeal is resolved (ECF No. 58). For the reasons that follow, Defendant's motion will be denied, and Defendant will be given a final opportunity to respond to Plaintiff's motion.

## I. Relevant Procedural History

Plaintiff commenced this action on October 27, 2023, invoking federal question jurisdiction based on the ERISA claim. 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(1)(B), (e).

Following the submission of the administrative record, cross-motions for summary judgment were filed on June 17, 2024 (ECF Nos. 23, 26), and have been fully briefed (ECF Nos. 24, 30, 39, 42, 44, 46). Oral argument was held on January 22, 2025.

As noted, Defendant has taken an appeal from the Court's grant of Plaintiff's motion for summary judgment and denial of Defendant's motion for summary judgment. Its appeal is pending before the United States Court of Appeals for the Third Circuit.

On April 7, 2025, Plaintiff filed a motion for attorney's fees. Defendant was directed to file a response by April 28, 2025 (ECF No. 54). Instead of responding to the merits of Plaintiff's motion, Defendant moved to stay all proceedings pending the resolution of its appeal (ECF No. 58). On May 6, 2025, Plaintiff filed a brief in opposition to Defendant's motion (ECF No. 62). Defendant filed a reply brief on May 12, 2025 (ECF No. 63).

## II. Analysis

Rule 54 provides that a motion for attorney's fees must:

> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). Defendant seeks to stay all proceedings, including Plaintiff's Motion for Attorney's Fees and Costs, pending Defendant's appeal to the United States Court of Appeals for the Third Circuit.

The Advisory Committee Note to Rule 54 states that: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54 (1993 Advisory Committee Note). The Note

also states that: "In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case."

Courts have held that "The weight of authority . . . is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal." *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007). "Moreover, a number of courts have found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period." Id.

In support of its motion, Defendant cites *Tower Health v. CHS/Community Health Systems, Inc.*, 2024 WL 4745484, at *1 (E.D. Pa. Mar. 8, 2024), in which the court granted a stay regarding consideration of attorney's fees. That case had an unusual procedural posture, however. Judge Edward G. Smith, the original district judge on the case, had passed away, and the case was reassigned to another member of the court. The newly assigned judge determined that the case reassignment and a change in circumstances warranted staying the consideration of fees. Before Judge Smith passed away, however, he stated the following in denying a motion to stay consideration of the award of attorney's fees.

> "The weight of authority ... is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal." *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007) (citing Federal Rule of Civil Procedure 54(d)(2)(B)); *Campbell v. Royal Bank Supplemental Exec. Ret. Plan*, No. 19-798, 2022 WL 17819804, at *3, *5 (E.D. Pa. Dec. 20, 2022) (denying a motion to stay consideration of attorneys' fees despite pending appeal). Following non-jury trials, courts often prefer to evaluate the issue of attorneys' fees immediately after a judgment is made on the merits, "while the services performed are freshly in mind." *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, 2007 WL 4287393, at *2 (citation omitted).
>
> A pending appeal "standing alone, is insufficient reason to postpone a fee decision for an infinite period." *Id.*; *see also Gillespie v. Dring*, No. 15-950, 2019 WL 5260381, at *16 (M.D. Pa. Oct. 17, 2019) (denying motion to stay consideration of attorneys' fees because "[t]here [was] no compelling reason to upset the normal

> course of conduct of the Court in this case"); *Devcon Int'l Corp. v. Reliance Ins. Co.*, No. 01-201, 2008 WL 219968, at *1 (D.V.I. Jan. 2, 2008) (denying motion to stay consideration of attorneys' fees because "[p]laintiff's appeal does not divest [the court] of jurisdiction to hear [defendant's] motion [for attorneys' fees]). Courts also consider whether significant time has passed since the case was decided on the merits. *In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, 2007 WL 4287393, at *2 (denying motion to stay consideration in part because court declined to impose further delay on ultimate resolution); *Devcon Int'l Corp.*, 2008 WL 219968, at *1 (denying motion to stay consideration of attorneys' fees in-part because "the rather long pendency" of matter).

*Tower Health v. CHS Cmty. Health Sys., Inc.*, 2023 WL 5622623, at *3 n.4 (E.D. Pa. Aug. 11, 2023), *aff'd on other grounds*, 2024 WL 3874245 (3d Cir. Aug. 20, 2024).

Here, Plaintiff has prevailed on her claims and seeks attorney's fees and costs as the prevailing party. A pending appeal alone does not warrant a stay. Although Defendant argues that Plaintiff's motion is "complex," it has not demonstrated that there is any compelling or unusual circumstance that would support a stay of the consideration of attorney's fees at this time. Moreover, a review of the motion does not suggest any notable complexity. Plaintiff's motion is accompanied by a brief; Unum's Annual Report; five pages itemizing the work performed, the time keeper who performed the work, the rate charged, the amount of time spent on each task and the amounts incurred; and four declarations. By all appearances, it is a relatively standard motion by a prevailing party for an award of fees and costs under ERISA.

Moreover, as Plaintiff asserts, she submitted her claim for disability benefits in 2021 and has been waiting over four years to obtain a judgment that she is entitled to benefits. She notes that this Court determined that Defendant's denial of benefits was arbitrary and capricious. She adds that she has not been employed since 2021 and has been without income since then.

Therefore, Defendant's motion to stay will be denied. Although, as Plaintiff notes, Defendant could have filed a response to the request for attorney's fees in addition to a motion to stay, Defendant did not do so, choosing instead to seek a stay. Plaintiff argues that Defendant has

waived its right to contest the motion for attorney's fees. However, she does not contend that she has suffered any prejudice from a brief delay of the resolution of her motion, nor does the Court find any such prejudice. Further, the Court concludes that permitting Defendant to respond to the merits of the motion will ensure a fair and thorough consideration of Plaintiff's request. Therefore, Defendant will be given an opportunity to file a response to the motion for attorney's fees.

## III. Conclusion

For the reasons set forth herein, Defendant's Motion to Stay will be denied.

An appropriate order will follow.

Dated: May 28, 2025

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE